LESLIE A. BOWER, SBN200899
BOWER & ASSOCIATES, APLC
92 Argonaut Suite 120
Aliso Viejo, CA 92656
PO Box 11748
Newport Beach, CA 92658
Tel:  (949)719-1151
Fax:  (949)215-9585
Email: leslie@labowerlaw.com

Attorneys for Creditor
CP EMPRESSA RSM LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In Re<br><br>DGW Wine Group, LLC<br><br>　　　　Debtor. | Case No. 8:17-bk-12858-ES<br>Chapter 7<br>Hon. Erithe A. Smith |

**JOINT STIPULATION FOR REJECTION OF CERTAIN LEASE AND RETURN OF POSSESSION OF NON-RESIDENTIAL REAL PROPERTY AND TURNOVER OF PERSONAL BUSINESS PROPERTY**

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE:

　　Comes now (i) the above-captioned debtor ("Debtor"), (ii) Creditor/Landlord, CP Empressa RSM LLC (the "Landlord"), and (iii) Secured Creditor/Lender Marcus Lemonis, LLC (including any successor in interest, the "Secured Creditor"), to respectfully request an order pursuant to the Stipulation of the parties (the "Stipulated Order") as follows:

## BACKGROUND

　　1.　　Debtor filed a voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy code on July 18, 2017 (the "Petition Date"), and Karen S. Naylor was appointed trustee for the bankruptcy estate (the "Chapter 7 Trustee").

　　2.　　Debtor was an operator of a retail wine shop and restaurant called Amazing Grapes and had ceased operations at the leased non-residential real property located at 29911 Aventura, Suites C, D, E & F, Rancho Santa Margarita, CA 92688 (the "Premises") under a

prepetition Lease with the Landlord (the "RSM Lease").  As of the Petition Date, Debtor had not returned possession of the Premises to the Landlord and possession of the Premises has not been returned to Landlord post-petition.

3.  The Secured Creditor holds a perfected security interest in certain business personal property of Debtor (the "Personal Property Collateral"), as evidenced by a UCC-1 Financing Statement recorded with the California Secretary of State on August 26, 2016 as Document No. 167543589129, as amended by Document No. 1775701164 (the "UCC Lien"). Some of the Personal Property Collateral remained on the Premises as of the Petition Date,

4.  On July 20, 2017, the Landlord filed a motion for relief from the automatic stay (Docket No. 5) (the "Landlord Lift Stay Motion"), seeking authority to obtain possession of the Premises through the prosecution of an unlawful detainer proceeding that had been initiated before the Petition Date (the "Unlawful Detainer Proceeding").  On August 8, 2017, the Secured Creditor filed a limited opposition (Docket No. 8); no opposition was filed by Debtor or the Chapter 7 Trustee.

5.  On August 3, 2017, the Chapter 7 Trustee filed a Notice of Proposed Abandonment of Property of the Estate (Docket No. 9), providing for abandonment of the Personal Property Collateral, which includes, among other things, (a) $41,844.00 in an account at South County Bank (the "Cash"), (b) a $5,821.20 security deposit held by the Landlord (the "Landlord Security Deposit"), (c) certain wine and beverage inventory (the "Inventory"), and (d) certain non-fixture equipment located on the Premises (the "Equipment").

6.  On August 10, 2017, the Secured Creditor filed a motion for relief from the automatic stay (Docket No. 11) (the "Secured Creditor Lift Stay Motion"), seeking authority to obtain possession of the Personal Property Collateral through the continuation of prepetition efforts to assert rights associated with the UCC Lien (the "UCC Sale Efforts").  As set forth in the Secured Creditor Lift Stay Motion, the Secured Creditor is the only secured and perfected creditor

of Debtor and asserts a claim of $1,312,992.06 (the "Secured Claim")[1], secured by collateral worth just $250,822.08, according to Debtor's schedules (Docket No. 1).  On August 14, 2017, the Chapter 7 Trustee filed a Notice of Non-Opposition to the Secured Creditor Lift Stay Motion (Docket No. 14).

7. The Landlord, the Secured Creditor, and Debtor have discussed the RSM Lease and the Personal Property Collateral and the parties hereto desire to enter into a stipulation for rejection of the RSM Lease and turnover of possession of the Premises and the Personal Property Collateral without further delay so that the Landlord and Secured Creditor can begin active efforts to mitigate their respective losses.  The Parties believe that settlement and stipulation to an immediate rejection of the RSM Lease and return of possession of both the Premises and the Personal Property Collateral is in the best interest of Debtor's estate and all parties hereto.  The Chapter 7 Trustee has advised the Parties through her counsel she has no objection to the settlement and stipulation, but because the Chapter 7 Trustee is not administering the estate does not join in this Stipulation.

**STIPULATION**

8. Upon entry of the Stipulated Order, the RSM Lease will be deemed rejected as of August 9, 2017 (the "Lease Rejection Date").

9. Upon entry of the Stipulated Order, the Landlord Lift Stay Motion will be granted and the stay will be lifted to permit the Landlord to proceed with the Unlawful Detainer Proceeding, if necessary.

10. Upon entry of the Stipulated Order, the Chapter 7 Trustee and Debtor shall be deemed to have abandoned any interest in the RSM Lease and returned possession to the Landlord, whether or not keys or any other indicia of possession is so returned to the Landlord,

---

[1] For clarification purposes, Schedule D of the voluntary petition filed on July 18, 2017 states the "secured claim" totals $450,000 and the creditor is A Better Life, LLC.  Doc. 1, p. 13 of 15.  Counsel for Marcus Lemonis, LLC has represented that A Better Life, LLC changed its corporate name to Marcus Lemonis, LLC on June 10, 2014 and has provided written confirmation to counsel for Amazing Grapes confirming the name change.  Schedules E and F state A Better Life, LLC has an unsecured interest totaling $660,221.55.  Doc. 1, p. 15 of 51.

1 and the Landlord shall not have any liability to Debtor or its estate for undertaking immediate
2 efforts to relet the Premises.

3     11.    Notwithstanding the foregoing, the Chapter 7 Trustee and/or Debtor will return
4 possession of the Premises to the Landlord within one day after entry of the Stipulated Order.

5     12.    Upon entry of the Stipulated Order, the Landlord shall retain and keep for itself the
6 Landlord Security Deposit, in partial satisfaction of unpaid administrative rent.

7     13.    Upon entry of the Stipulated Order, the Secured Creditor Lift Stay Motion will be
8 granted and the stay will be lifted to permit the Secured Creditor to proceed with the UCC Sale
9 Efforts, if necessary.

10     14.    Notwithstanding the foregoing, Debtor will return possession of the Personal
11 Property Collateral (other than the Landlord Security Deposit, which the Landlord may keep for
12 itself) to the Secured Creditor within immediately after entry of the Stipulated Order.  The Secured
13 Creditor is solely responsible for communicating and making arrangements with the Landlord to
14 obtain and remove the Personal Property Collateral from the Premises.

15     15.    Within one day after entry of the Stipulated Order, Debtor will (i) $15,176.16 to the
16 Landlord according to the Landlord's instructions, in partial satisfaction of administrative rent for
17 the period from the Petition Date to the Rejection Date and (ii) all remaining funds in the Debtor's
18 business account to the Secured Creditor accordingly to the Secured Creditor's instructions, in
19 partial satisfaction of the Secured Claim.

20     16.    Landlord waives its right to file any claims against the Debtor and owners or
21 officers of the Debtor, relating to unpaid rent and other charges due under the Lease, however,
22 any insurable claims for which the Debtor had insurance coverage during the period of occupancy
23 prior to the Petition Date will not be waived.  Debtor waives any claims Debtor may have against
24 Landlord relating to the Lease and/or the Premises arising during Debtor's occupancy of the
25 Premises.

26     17.    Notwithstanding anything else in this Stipulation, (a) the Landlord agrees that the
27 Secured Creditor may enter the Premises for a period of one week after entry of the Stipulated
28 Order to remove Personal Property Collateral (specifically including the Inventory and Equipment)

and (b) the Secured Creditor agrees not to remove any walk-in refrigerator/freezer, hood, hot water heater, HVAC units, lighting fixtures, sinks, toilets and doors (other than those doors that may be attached to non-fixture Equipment) and any other permanently affixed fixtures and agrees to repair any damage incurred by removal of such Personal Property Collateral.

18. The Parties agree to waive the 14-Day Hold Period under FRBP 4001 and respectfully request that the Court expedite the entry of the Stipulated Order(s) as quickly as possible to facilitate the savings of administrative rent and removal of the collateral and surrender of the premises to mitigate damages to the Landlord. The Parties intend the Stipulated Order(s) approving this Joint Stipulation shall become effective immediately, pursuant to Bankruptcy Rule 4001(a)(3).

19. The court shall retain jurisdiction to enforce, implement, and interpret the terms and provisions of this Stipulation.

20. The terms set forth in this Stipulation shall be binding upon the Parties hereto upon its execution.  The Parties agree that the Bankruptcy Court shall retain jurisdiction to enforce, implement, and interpret the terms and provisions of this Stipulation.

21. The terms set forth herein represent the entire agreement between the Parties. This Stipulation supersedes and replaces all prior negotiations, agreements or understandings between the Parties, whether written or oral, relating to the subject matter hereof.  Each party acknowledges and represents that it has not executed this Stipulation in reliance upon any promise, representation or warranty whatsoever not expressly set forth in this Stipulation.

22. The terms of this Stipulation cannot be modified except in a writing agreed to by the Parties hereto.

23. The person(s) signing below each represent and warrant that they have the authority to enter into this Stipulation on behalf of the party on whose behalf they sign.

24. This Stipulation may be executed in counterparts and a facsimile signature shall be deemed an original signature for all purposes.

///

///

1 | Date: August 29, 2017 | BOWER & ASSOCIATES

2 | | By: _____

3 | | Leslie A. Bower, Esq.
  | | Attorney for Creditor/Landlord
4 | | CP Empressa RSM, LLC

5 | Date: August 29, 2017 | HINDS & SHANKMAN, LLP

6 |

  | | By: /s/ Paul R. Shankman
7 | | Paul R. Shankman, Esq.
  | | Attorney for Creditor/Lender
8 | | Marcus Lemonis, LLC

9 | Date: August 29, 2017 | CUMMING & ASSOCIATES

10 |

   | | By: /s/ William R. Cumming
11 | | William R. Cumming, Esq.
   | | Attorney for Debtor
12 | | DGW Wine Group, LLC (d/b/a Amazing Grapes)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION FOR REJECTION OF CERTAIN LEASES AND EXECUTORY CONTRACTS AND RETURN OF POSSESSION
OF NON-RESIDENTIAL REAL PROPERTY AND TURNOVER OF PERSONAL BUSINESS PROPERTY– PAGE 6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 92 Argonaut Suite 120, Aliso Viejo, CA 92656

A true and correct copy of the foregoing document entitled: **JOINT STIPULATION FOR REJECTION OF CERTAIN LEASE AND RETURN OF POSSESSION OF NON-RESIDENTIAL REAL PROPERTY AND TURNOVER OF PERSONAL BUSINESS PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/29/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

William R. Cumming, Esq., attorney for debtor, cumming@cummingandassociateslaw.com
Karen S Naylor (TR) acanzone@burd-naylor.com, knaylor@ecf.epiqsystems.com Chapter 7 Trustee
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Paul R. Shankman, PShankman@jhindslaw.com
Lindsey L. Smith, lls@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) 8/29/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DGW Wine Group, LLC
29911 Aventura, Suites C, D, E, F
Rancho Santa Margarita, CA 92688

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 8/29/2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JUDGE'S COPY BY PERSONAL DELIVERY:
Judge Erithe A. Smith United States Bankruptcy Court Central District of California 411 W Fourth St Ctrm 5A, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/29/2017 | Leslie A. Bower | *[signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

JOINT STIPULATION FOR REJECTION OF CERTAIN LEASES AND EXECUTORY CONTRACTS AND RETURN OF POSSESSION OF NON-RESIDENTIAL REAL PROPERTY AND TURNOVER OF PERSONAL BUSINESS PROPERTY– PAGE 7