| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Paul R. Shankman, Esq.  (SBN 113608)<br>HINDS & SHANKMAN, LLP<br>21257 Hawthorne Blvd., Second Floor<br>Torrance, CA  90503<br><br>Tel:  (310) 316-0500<br>Fax: (310) 792-5977<br>e-mail:  pshankman@jhindslaw.com<br><br><br>☒ *Attorney for Movant, Marcus Lemonis LLC*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**AUG 30 2017**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY duarte    DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br><br>DGW Wine Group, LLC,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:17-bk-12858-ES<br>CHAPTER: 7 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (PERSONAL PROPERTY)** |
| | DATE: 08/31/17<br>TIME: 10:00 a.m.<br>COURTROOM: 5A<br>PLACE: 411 W. Fourth Street<br>Santa Ana, CA  92701 |

**Movant:  Marcus Lemonis, LLC, Secured Creditor**

1. The Motion was:     ☐ Opposed     ☐ Unopposed     ☒ Settled by stipulation

2. The Motion affects the following personal property (Property):

   ☐ Vehicle (*year, manufacturer, type and model*):

   *Vehicle identification number*:
   *Location of vehicle* (*if known*):

   ☐ Equipment (*manufacturer, type, and characteristics*):

   *Serial number(s)*:
   *Location* (*if known*):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

☒ Other personal property (*type, identifying information, and location*):
All assets of the Debtor, including funds on deposit, wine inventory, and other personal property located at 29911 Aventura, Suites C, D, E and F, Rancho Santa Margarita, CA  92688.

☐ See Exhibit _____ attached to the Motion.

3. The Motion is granted under:

a. ☒ 11 U.S.C. § 362 (d)(1)

b. ☒ 11 U.S.C. § 362 (d)(2)

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set for the in Exhibit _____ to this order.

c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before (*date*) _____.

7. ☐ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

10. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                              Page 2                                              **F 4001-1.RFS.PP.ORDER**

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    a. ☐ without further notice.

    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☒ Other (*specify*):   The concurrently filed JOINT STIPULATION FOR REJECTION OF CERTAIN LEASE AND RETURN OF POSSESSION OF NON-RESIDENTIAL REAL PROPERTY AND TURNOVER OF PERSONAL BUSINESS PROPERTY, filed as Court Case Docket No. __and its Terms are Approved in their Entirety.  Further appearances on the within Motion set for Hearing on August 31, 2017 at 10:00 a.m. and said Motion is Hereby taken Off Calendar.

###

Date: August 30, 2017

Erithe Smith
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 3                          **F 4001-1.RFS.PP.ORDER**

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor must make regular monthly payments in the sum of $ _____ commencing (*date*)
   _____. The amount of these payments may be subject to change under the terms of the parties' original
   agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the
   following address:

3. ☐ The Debtor must cure the postpetition default computed through _____ in the amount of
   $_____ as follows:

   a. ☐ In equal monthly installments of $ _____ each commencing (*date*) _____ and
      continuing thereafter through and including _____.

   b. ☐ By paying the sum of $ _____ on or before (*date*) _____,

   c. ☐ By paying the sum of $ _____ on or before (*date*) _____,

   d. ☐ By paying the sum of $ _____ on or before (*date*) _____,

   e. ☐ Other:

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that become
   due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
   A disclosure statement must be approved on or before (*date*) _____
   A plan must be confirmed on or before (*date*) _____

6. ☐ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection
   Agreement, Movant must serve written notice of default to the Debtor, and any attorney for the Debtor. If the
   Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.

   b. ☐ Movant may file and serve declaration under penalty of perjury specifying the default, together with a
      proposed order terminating the stay, which the court may grant without further notice or hearing.

   c. ☐ Movant may move for relief from the stay upon shortened notice pursuant to LBR 9075-1(b).

   d. ☐ Movant may move for relief from the stay on regular notice pursuant to LBR 9013-1(d).

7. ☐ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor is entitled
   to a maximum (*number*) of ____ notices of default and opportunities to cure pursuant to the preceding paragraph.
   Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been
   served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of
   default and provide additional opportunities to cure. If an event of default occurs thereafter, Movant shall be
   entitled, without first serving a notice of default and providing the Debtor with an opportunity to cure, to file and
   serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this
   Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter
   without further notice or hearing.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

8. ☐ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☐ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting that relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☐ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which it would otherwise have been entitled under applicable nonbankruptcy law.

11. ☐ Other *(specify)*:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 5                        **F 4001-1.RFS.PP.ORDER**